UNITED STATES *v.* DALTON-COOPER, INC.

**No. 6087.**—Invoice dated Lakefield, Ontario, Canada, February 21, 1942.
         Certified February 24, 1942.
         Entered at New York, N. Y., March 2, 1942.
         Entry No. 14045.

Second Division, Appellate Term

(Decided January 19, 1945)

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector* and *Daniel I. Auster*, special attorneys), for the appellant.

*John D. Rode* (*Jacob L. Klingaman* of counsel) for the appellee.

Before TILSON, LAWRENCE, and EKWALL, Judges

TILSON, Judge: This application for review of the decision of the trial court, reported as Reap. Dec. 6007, was filed under the provisions of section 501 of the Tariff Act of 1930. The merchandise consisting of 469 pounds of oil of fir from Canada, was entered at the invoice value of $1.90 per pound, less freight from Lakefield, Ontario, Canada, to New York, less 2 per centum commission, and less customs duty at the rate of 12½ per centum. It was appraised at $1.83 per pound, net.

The trial court found the entered value to be the proper dutiable export value, basing its decision principally upon an affidavit of the exporter, exhibit 4, wherein the affiant states:

\*   \*   \*   that the oil covered by said shipment was Canadian Oil of Fir type 9LI; that to the best of his knowledge and belief Lakefield, Ontario, Canada, is one of the principal markets in Canada for such or similar oil; that the usual wholesale quantity in which said oil is dealt in is one drum or more containing about four hundred and fifty pounds more or less of said oil; that on or about February 21, 1942, the market value or the price at which such oil was freely offered for sale by the Dominion Essential Oils Company to all purchasers in Lakefield, Ontario, Canada, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States was $1.90 per pound C. I. F. New York City, New York, including duty at 12½%, drums excluded but returnable for credit freight prepaid to Lakefield by the purchaser; that to the best of his knowledge and belief and based upon his familiarity with market conditions in Canada no other person, firm or corporation sold or offered for sale oil such as the oil covered by the above-mentioned shipment to Dalton-Cooper Inc. either for home consumption in Canada or for exportation to the United States on or about February 21, 1942; that the price at which the said Dominion Essential Oils Company sold or offered for sale oil the same as the above-mentioned shipment for home consumption in Canada in the usual wholesale quantities and in the ordinary course of trade was no higher than the price mentioned above;   \*   \*   \*.

Two reports of special agents, exhibits 5 and 6, offered by the Government, confirm, in many respects, the statements contained in the affidavit, quoted above.

There are also in evidence three letters from the exporter to the importer herein, dated January 31, 1942, February 7, 1942, and March 9, 1942, in which offers for this same type oil are made for future delivery. It appears, however, from the affidavit, exhibit 4, that no such or similar oil was available for prompt delivery, and in fact such offers were never accepted and no sales were ever made thereunder.

Regarding the offers for sale of the instant merchandise made by the exporter herein, the following is quoted from a letter dated March 31, 1942, attached as a part of the special agent's report, exhibit 5:

We acknowledge your letter of March 26th, and prices offered so far for the various oils have been so far away from the domestic costs of Oil Spruce and Cedarleaf that we could not consider them at this time.

\* \* \* \* \* \* \*

\* \* \*. *While your samples may vary slightly from the Oil Spruce the difference is not worth the higher cost.*

Another letter dated April 28, 1942, also attached as a part of the special agent's report, exhibit 5, states:

Our laboratory has examined the sample of Canadian Oil Fir but we must advise that at the price you quoted us, $1.60 lb; the article would not be of interest. Very similar oil is being produced in this country having an ester content from 5% to 15% higher than your oil and at a much lower price.

The following is also quoted from a letter from the exporter herein, attached as a part of the special agent's report, exhibit 5:

However all the various Fir Oils which we produce are similar in their chemical composition to and used for the same purposes as the Spruce Oil which is produced in the United States. This oil sells lately at US $1.10 per pound. Thus we have difficulties in selling our oils against the cheaper Oils Spruce and we are afraid that shortly we will have to reduce our prices to the level of that for Oil Spruce.

The trial court refers to the decision in *White Lamb Finlay* v. *United States*, 29 C. C. P. A. 199, C. A. D. 192, also that the offers for sale, hereinbefore referred to, were remote from the date of exportation and also that the quoted prices should not be made to six firms in the New York area, and concludes:

\* \* \* that the foregoing constitute valid reasons compelling me to disregard the evidence as to offers at prices higher than that at which the merchandise was entered.

It is clear from the decision of the trial court that it did not *disregard* any of the evidence before it, but that after considering and weighing all of the evidence it concluded that the evidence offered in support of the entered values was stronger and outweighed the evidence offered in support of the appraised values. Thus construing

the word "disregard" in the above quotation, we are in accord with the conclusion reached by the trial court.

Upon a review of the entire record we find that the involved merchandise consists of oil of fir, type 9LI, exported from Canada and entered at the port of New York on March 2, 1942; that Lakefield, Ontario, Canada, is one of the principal markets for such merchandise; that the usual wholesale quantity of said oil is one drum or more containing 450 pounds, more or less, and that the entered value represents the proper dutiable export value.

The decision and judgment of the trial court are therefore affirmed. Judgment will be rendered accordingly.